IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| GARY CARPENTER, on his own behalf and on behalf of a class of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TOWN OF CLARKSVILLE, INDIANA,<br><br>Defendant. | No. 4:23-cv-00038<br><br>COMPLAINT – CLASS ACTION |

## CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**Introductory Statement**

1. The U.S. Supreme Court has long held that, under the Fourth Amendment, even when a nonconsensual search is not for the purpose of investigating criminal activity, it must be justified by a search warrant or some other form of judicial or quasi-judicial order following precompliance review before a neutral decisionmaker. *See, e.g.*, *City of Los Angeles v. Patel*, 576 U.S. 409, 419-23 (2015); *Camara v. Municipal Court of City & Cnty. of San Francisco*, 387 U.S. 523, 528-39 (1967). Notwithstanding this principle, in 2022 the Town of Clarksville enacted an ordinance that authorizes its Building Commissioner to enter and inspect the home of virtually every renter in Clarksville at least once every three years and potentially more frequently. And the Building Commissioner may do so— indeed, must do so—regardless of whether a warrant or other order authorizing nonconsensual entry is first obtained. This ordinance, Ordinance No. 2022-G-05, violates the Fourth Amendment rights of every renter in Clarksville. Gary Carpenter, one of these renters, is entitled to prompt declaratory and injunctive relief, both for himself and for the

class that he seeks to represent pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure.

**Jurisdiction, Venue, and Cause of Action**

2. The Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

4. Declaratory relief is authorized by Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202.

5. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

**Parties**

6. Gary Carpenter is an adult resident of Clark County, Indiana. Pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure, he brings this action on his own behalf and on behalf of a class of those similarly situated.

7. The Town of Clarksville, Indiana is a municipality located in Clark County, Indiana.

**Class Action Allegations**

8. This cause is brought by Gary Carpenter on behalf of himself and a class of those similarly situated pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure.

9. The class is defined as follows:

> Any and all persons who reside in, or who will reside in, residential rental units or residential rental unit communities, as those terms are defined in Clarksville Ordinance No. 2022-G-05, within the Town of Clarksville.

10. As defined, the class meets all requirements of Rule 23(a) of the Federal Rules of Civil Procedure. Specifically:

    a. The class is so numerous that the joinder of all members is impracticable. According to the U.S. Census Bureau, more than 22,000 persons resided in Clarksville, Indiana in

      2021.  Of these residents, 61.2% (or close to 13,500 persons) resided in owner-occupied housing units. This means that more than 8,500 persons, or at least a large percentage of these persons, resided in rental units.  *See generally* U.S. Census Bureau, *Quickfacts: Clarksville, Indiana*, *at* https://www.census.gov/quickfacts/clarksvilletownindiana (last visited Feb. 18, 2023).

    b.  There are questions of law or fact common to the class, namely whether Clarksville Ordinance No. 2022-G-05 violates the Fourth Amendment to the United States Constitution.

    c.  The claims of the representative party are typical of those of the class.

    d.  The representative party will fairly and adequately represent the class.

11.  The class meets the further requirements of Rule 23(b)(2) of the Federal Rules of Civil Procedure insofar as the party opposing the class has, at all times, acted or refused to act on grounds generally applicable to the class.

12.  Undersigned counsel is an appropriate attorney to be appointed to represent the class and should therefore be appointed pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

**Clarksville Ordinance No. 2022-G-05**

13.  Indiana law expressly allows political subdivisions to establish and enforce a program for inspecting rental units.  *See* Ind. Code § 36-1-20-4.1(b).

14.  Pursuant to this authority, the Town of Clarksville ("the Town") has enacted Ordinance No. 2022-G-05 ("the Ordinance").  A true and correct copy of the Ordinance, which took effect on April 19, 2022, is attached and incorporated herein as Exhibit 1.

15.  Section 5 of the Ordinance provides that the owner of any "residential rental unit" or "residential rental unit community" within the Town—terms defined by Indiana law (which is incorporated into the Ordinance) to include at least all tenant-occupied housing and referenced herein simply as "rental housing"—must register all rental housing with the

Town each year and pay an associated fee.

16. Section 6 of the Ordinance then provides that all rental housing within the Town is subject to mandatory "Regularly Scheduled Inspections" as well as discretionary "Non-routine Inspections" and "Re-Inspections."

17. Section 6(A) of the Ordinance describes the mandatory "Regularly Scheduled Inspections" as follows:

> All residential rental units or residential rental unit communities subject to the provisions of this subchapter must be inspected. When completing the initial registration or the annual registration renewal in the year an inspection certificate will expire . . . the owner shall contact the enforcement authority to schedule an inspection by the Town or submit an application for third-party inspection . . . . Should an owner fail to schedule the inspection or provide a qualified third-party inspection report in the time period required, the enforcement authority reserves the right to contact the owner to schedule an inspection to be conducted by the enforcement authority.

The "enforcement authority" is defined by Section 3 of the Ordinance as the Building Commissioner of the Town or the Building Commissioner's designee.

18. Section 6(B) of the Ordinance provides that, under certain circumstances, a residential rental unit may qualify for inspection by a third party rather than by the enforcement authority itself. To qualify for inspection by a third party, in general a rental unit must be managed by a professional real estate manager and must have been inspected during the previous twelve months by one of several specific persons or entities.

19. Section 6(C) of the Ordinance describes "Non-routine Inspections," which may be conducted at the discretion of the enforcement authority, as follows:

> The enforcement authority may conduct a nonroutine inspection of any residential rental unit . . . if the enforcement authority:
>
>    (1) Has reason to believe; or
>    (2) Receives a complaint;

that the residential rental unit does not comply with applicable code requirements.

20. And Section 6(D) of the Ordinance describes "Re-Inspections," which may also be conducted at the discretion of the enforcement authority, as follows:

> If an inspection reveals noncompliance with applicable code requirements . . . the enforcement authority may require one (1) or more re-inspections to confirm the violations of applicable code requirements have been satisfactorily cured prior to the issuance of an inspection certificate.

21. For any inspection conducted by the enforcement authority, as opposed to inspections by a third party, pursuant to Section 6(E) of the Ordinance the owner of rental housing is required to pay an inspection fee, to notify the tenant of the date and time of the inspection, and to ensure that the enforcement authority is able to access the rental housing.

22. Section 8 of the Ordinance then provides that, once rental housing passes inspection and all other requirements are met, the enforcement authority will issue an "inspection certificate." This certificate expires three years from the date of issuance although it may be revoked for certain reasons.

23. Under Sections 10 and 11 of the Ordinance, the owner of rental housing who fails to comply with the term of the Ordinance may be subject to substantial monetary penalties, a collection action, or civil suit.

**Factual Allegations**

24. Gary Carpenter is an adult resident of the Town.

25. Mr. Carpenter rents a single-family home that is located at 508 West Carter Avenue in the Town. His home constitutes a "rental unit" as that term is defined in the Ordinance.

26. Mr. Carpenter has rented his home for approximately three years. He is happy in that home and has a good relationship with his landlord, who owns his home, and he intends to continue renting the same home for many years into the future.

27. It is Mr. Carpenter's understanding that his home is the only rental unit owned by his landlord, and that his landlord does not own any "rental unit community" as that term is defined in the Ordinance.

28. Mr. Carpenter understands further that, as required by the Ordinance, his landlord has submitted a rental property registration application to the Town accompanied by the applicable registration fee.

29. Under the Ordinance, Mr. Carpenter's home—and hundreds or thousands like it in the Town—is subject to mandatory inspection by Town officials at least once every three years, and more often if a re-inspection is necessary or if the Town had reason to believe or receives a complaint that his home does not comply with all applicable code requirements.

30. The "routine inspections" of Mr. Carpenter's home that are required by the Ordinance are mandatory without regard to whether the Town first obtains a warrant or other form of judicial or quasi-judicial order following precompliance review before a neutral decisionmaker.

31. Similarly, the "non-routine inspections" and "re-inspections" that are authorized (although not required) by the Ordinance may occur without regard to whether the Town first obtains a warrant or other form of judicial or quasi-judicial order following precompliance review before a neutral decisionmaker.

32. The entry into Mr. Carpenter's home and the ensuing inspection(s) authorized by the Ordinance constitute a search within the meaning of the Fourth Amendment.

33. Under the Ordinance, Mr. Carpenter does not qualify to have a "routine inspection" of his home conducted by a third party rather than by the Town itself. However, even if he did

        this would not matter as it is the Town, through its Ordinance, that has mandated that his home be inspected.

34. On information and belief, the Town does not seek or obtain warrants or other judicial or quasi-judicial orders prior to conducting inspections mandated and/or authorized by the Ordinance. In fact, a review of MyCase—Indiana's system for accessing public court records—discloses that the Town of Clarksville has not been a party to a single public proceeding seeking a search warrant since the Ordinance took effect.

35. Mr. Carpenter has not consented to, and does not consent to, the entry into or inspection of his home by any persons acting on behalf of the Town. Without a warrant or some other judicial or quasi-judicial order, there is no legal justification for the Town's entry into or inspection of his home or of the homes of any other renter in the Town.

36. At all times the Town has acted under color of state law

37. Mr. Carpenter is suffering irreparable harm for which there is no adequate remedy at law.

**Legal Claim**

38. Insofar as it mandates and/or authorizes nonconsensual inspections of rental housing without regard to whether the Town first obtains a warrant or other form of judicial or quasi-judicial order following precompliance review before a neutral decisionmaker, the Ordinance violates the Fourth Amendment.

**Request for Relief**

        **WHEREFORE,** the plaintiff respectfully requests that this Court do the following:

1. Accept jurisdiction of this cause and set it for hearing.

2. Certify this cause as a class action pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure with the class as defined above.

3. Declare that the Ordinance violates the rights of the plaintiff and the class for the reason(s) described above.

4. Issue a preliminary injunction, later to be made permanent, enjoining the Town from enforcing Section 6 of the Ordinance insofar as that section mandates and/or authorizes nonconsensual entry into and inspection of rental housing within the Town without regard to whether the Town first obtains a warrant or other form of judicial or quasi-judicial order following precompliance review before a neutral decisionmaker.

5. Award the plaintiff his costs and attorneys' fees pursuant to 42 U.S.C. § 1988.

6. Award all other proper relief.

Gavin M. Rose
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
grose@aclu-in.org

*Attorney for the plaintiff and the putative class*