IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| GARY CARPENTER, on his own behalf and on behalf of a class of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TOWN OF CLARKSVILLE, INDIANA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  No. 4:23-cv-00038-SEB-KMB<br>)<br>)<br>)<br>) |

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

### INTRODUCTION AND FACTUAL BACKGROUND

At issue in this case is Ordinance No. 2022-G-05 ("the Ordinance"), which was enacted by the Town of Clarksville ("Town") in April of 2022. As is relevant to this litigation, the Ordinance requires both the routine and nonroutine inspection of all "residential rental units" and "residential rental unit communities"—defined terms that, combined, generally refer to all residential rental housing—without imposing any obligation on the Town to first secure a warrant or some other form of judicial or quasi-judicial order prior to entering persons' private residences. And, as a matter of fact, this is not something that the Town does.

Gary Carpenter is a resident of the Town residing in rental housing who is subject to the nonconsensual inspections mandated by the Ordinance, and who claims that the inspection provisions of the Ordinance transgress his rights under the Fourth Amendment to the United States Constitution. He is obviously not the only person subject to these inspections, for both census data and common sense establish the existence of thousands of other renters in the Town. Mr. Carpenter therefore seeks certification of the following class pursuant to Rule 23(a) and (b)(2) of the Federal

1

Rules of Civil Procedure:

> Any and all persons who reside in, or who will reside in, residential rental units or residential rental unit communities, as those terms are defined in Clarksville Ordinance No. 2022-G-05, within the Town of Clarksville.

It is hornbook law that "civil rights cases against parties charged with unlawful, class-based discrimination are prime examples" of cases where certification under Rule 23(b)(2) is appropriate. *Chicago Teachers Union, Local No. 1 v. Bd. of Educ. of City of Chicago*, 797 F.3d 426, 441 (7th Cir. 2015) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997)). All requirements of Rule 23 are met in this case, and the proposed class should be certified.

## CLASS CERTIFICATION STANDARD

The requirements for certification of a class under the Federal Rules of Civil Procedure are clear. In order for an individual or individuals to sue on behalf of a class, four requirements must be met:

(1) The class must be so numerous that joinder of the members is impracticable;

(2) There must be questions of law or fact common to the class;

(3) The claims or defenses of the representative parties must be typical of the claims or defenses of the class; and

(4) The representative parties must fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). In addition, a class must meet the requirements of Federal Rule 23(b)(1), (2), or (3). In this case, the plaintiff seeks certification pursuant to Rule 23(b)(2). This portion of the Rule is met if the defendant has acted or refused to act on grounds generally applicable to the class. Fed. R. Civ. P. 23(b)(2).

## ARGUMENT

**I.   The class is so numerous that joinder of all members is impracticable**

The first requirement for certification of a class action is that the class must be so numerous

that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1). This does not impose an absolute numerical requirement for class certification. Rather, courts must consider each case on its facts to determine the practicability of joining all class members. *Gen. Tel. Co. of the Nw. v. EEOC*, 446 U.S. 318, 330 (1980). However, it has been held that "generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met." *Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349, 356 n.5 (3d Cir. 2013) (quoting *Stewart v. Abraham*, 275 F.3d 220, 226-27 (3d Cir.2001)); *see also Flood v. Dominguez*, 270 F.R.D. 413, 417 (N.D. Ind. 2010) ("Generally speaking, when the putative class consists of more than 40 members, numerosity is met, but there is nothing magical about that number.").

This case is not a close call. According to the U.S. Census Bureau, more than 22,000 persons resided in Clarksville, Indiana in 2021. *See* U.S. Census Bureau, *Quickfacts: Clarksville, Indiana*, *at* https://www.census.gov/quickfacts/clarksvilletownindiana (last visited Feb. 18, 2023). Of these residents, 61.2% (or close to 13,500 persons) resided in owner-occupied housing units. This means that more than 8,500 persons, or at least a large percentage of these persons, resided in rental units. *See id.* Other publicly available information provides a similar estimate of the class size: one website concerning market data describes the Town as possessing "a rental vacancy rate of 10.3% from a total of 10,036 units," which means that approximately 9,000 units are occupied (and many of these surely contain more than one member of the putative class). *See* Rate.com, *Market Data: Clarksville, IN*, *at* https://www.rate.com/research/clarksville-in (last visited Mar. 13, 2023). This Court may, of course, take judicial notice of census data, *see, e.g.*, *Barnett v. Daley*, 32 F.3d 1196, 1198 (7th Cir. 1994); *Cousins v. City of Council of City of Chicago*, 466 F.2d 830, 842 (7th Cir. 1972), and even hearsay and similar otherwise-inadmissible evidence may be considered on class certification, *see, e.g.*, *Smith v. City of Chicago*, 340 F.R.D. 262, 273

n.2 (N.D. Ill. 2021). Clearly the class is sufficiently large to render the joinder of all members impracticable.

On top of this, "[t]he general rule encouraging liberal construction of civil rights class actions applies with equal force to the numerosity requirement of Rule 23(a)(1)," *Jones v. Diamond*, 519 F.2d 1090, 1100 (5th Cir. 1975), and "the court may look to other factors [beside the sheer number of class members] when determining whether joinder is impracticable," *Gentry v. Floyd Cnty.*, 313 F.R.D. 72, 77 (S.D. Ind. 2016) (citation omitted). Here, not only does the class includes future members such that it will continue to grow as more persons rent property in the future, but the nature of renters is that many are transitory such that persons will cycle in and out of the class. As this Court has observed, "the joinder of [future class members], regardless of the number, is inherently impracticable." *Lindh v. Warden*, 2014 WL 7334745, at *3 (S.D. Ind. Dec. 19, 2014) (citing *Rosario v. Cook Cnty.*, 101 F.R.D. 659, 661 (N.D. Ill. 1983), *class decertified on other grounds*, 2015 WL 5009244 (S.D. Ind. Aug. 20, 2015). Other courts have likewise observed that the inclusion of future class members weighs in favor of numerosity. *See, e.g.*, *Pederson v. Louisiana State Univ.*, 213 F.3d 858, 868 n.11 (5th Cir. 2000) ("We have found the inclusion of future members in the class definition a factor to consider in determining if joinder is impracticable."); *Valenti v. Hartford City*, 2016 WL 5662097, at *4 (N.D. Ind. Oct. 3, 2016) ("The relief sought, declaratory and injunctive relief, would impact future class members, and '[s]uch future members make joinder inherently impracticable because there is no way to know who they will be.'") (quoting *Olson v. Brown*, 284 F.R.D. 398, 408 (N.D. Ind. 2012)); *San Antonio Hispanic Police Officers' Org., Inc. v. City of San Antonio*, 188 F.R.D. 433, 442 (W.D. Tex. 1999) ("These unknown future members should be properly considered and included as a part of the class and joinder of such persons is inherently impracticable.") (internal quotation and citation omitted).

And the transitory nature of class membership has similarly been deemed an appropriate consideration in determining the impracticability of joinder. *See, e.g.*, *Olson*, 284 F.R.D. at 409 n.5.

The numerosity requirement of Federal Rule 23(a)(1) is met in this case.

## II. The remaining requirements of Rule 23(a) are met here

The remaining requirements of Rule 23(a)—commonality, typicality, and adequacy—frequently overlap and are all met here.

### A. There are questions of law or fact common to the class

In this case the named plaintiff and the members of the putative class are all subject to the same challenged provisions of the Ordinance: the Town requires the inspection of their homes without regard to whether it has obtained a warrant or other judicial or quasi-judicial order authorizing its entry. The class is united by the common question of whether the Ordinance runs afoul of the Fourth Amendment. Where a common scheme applicable to the class is alleged, commonality is met. *See, e.g.*, *Overka v. Am. Airlines, Inc.*, 265 F.R.D. 14, 18 (D. Mass. 2010); *see also Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001) ("Commonality is satisfied where the lawsuit challenges a system-wide practice or policy that affects all of the putative class members.") (abrogated on other grounds); *Hernandez v. Cnty. of Monterey*, 305 F.R.D. 132, 154 (N.D. Cal. 2015) ("Because of the nature of the plaintiffs' system-wide challenge, either each of the policies and practices is unlawful as to every [plaintiff] or it is not.") (internal quotation omitted). This requirement is met here.

### B. The claim of the named plaintiff is typical of those of the class

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that the claims of the representative parties be typical of those of the class. As the Supreme Court has noted, this

requirement is intertwined with the commonality requirement:

> The commonality and typicality requirements of Rule 23(a) tend to merge. Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so inter-related that the interests of the class-members will be fairly and adequately protected in their absence.

*Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 n.13 (1982). In order for this requirement to be met, there need not be identity of interest between the named plaintiff and the class that he seeks to represent; rather, there need only be "sufficient homogeneity of interests." *Sosna v. Iowa*, 419 U.S. 393, 403 n.13 (1975). Another view is that typicality requires that the claims of the plaintiff "not be significantly antagonistic to the claims of the proposed class." *Eatinger v. BP Am. Prod. Co.*, 271 F.R.D. 253, 260 (D. Kan. 2010) (internal quotation omitted). The fundamental inquiry is whether all members of the class would benefit in some way from a judgment favorable to the plaintiff. *See Meisberger v. Donahue*, 245 F.R.D. 627, 631 (S.D. Ind. 2007).

Again, the putative class meets these standards. There is a uniform policy affecting all class members: all class members are subject to the warrantless entry into, and inspection of, their homes. Therefore, all members of the class would benefit in some way from a judgment favorable to the plaintiff in that all class members would be protected from this intrusion. The named plaintiff is, therefore, typical of the class he seeks to represent. *See, e.g.*, *Shepherd v. ASI, Ltd.*, 295 F.R.D. 289, 298 (S.D. Ind. 2013) (The typicality requirement was met where a finding that the defendants violated the statute in question "would redound to the benefit of all class members.").

### C. The requirement of adequacy of representation is satisfied here

Rule 23(a)(4) of the Federal Rules of Civil Procedure requires that the class representative's interests be such that he can and will vigorously pursue the class's interests as

6

well as his own. *See, e.g.*, *Hohman v. Packard Instrument Co.*, 399 F.2d 711 (7th Cir. 1968). The relief that the plaintiffs seeks "is not inconsistent in any way with the interests of the members of the class." *Jones v. Blinziner*, 536 F. Supp. 1181, 1190 (N.D. Ind. 1982). Much to the contrary, he seeks an injunction that will inure to the benefit of all class members. Likewise, he clearly has a substantial stake in these proceedings that will "insure diligent and thorough prosecution of the litigation." *Rodriguez v. Swank*, 318 F. Supp. 289, 294 (N.D. Ill. 1970), *aff'd*, 496 F.2d 1110 (7th Cir. 1974).

The named plaintiff is an adequate class representative and his counsel is adequate class counsel.[1]

### III. The further requirements of Rule 23(b)(2) are also met in this case

The final requirement for certification of the class is stated in Rule 23(b)(2) of the Federal Rules of Civil Procedure. In order to meet the requirement of Rule 23(b)(2), the party who opposes the class must have "acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the class as a whole." This is not a difficult standard to meet in a case such as this one, where the plaintiff challenges a duly enacted ordinance of general applicability. After all, "Rule 23(b)(2) was drafted specifically to facilitate relief in civil rights suits. Most class actions in the constitutional and civil

---

[1] Undersigned counsel should therefore be appointed class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure. This Court is, of course, familiar with counsel and other attorneys employed by the ACLU of Indiana. A brief review of Westlaw reveals numerous similar cases in which counsel has been appointed to represent a class pursuant to Rule 23(g). *See Hines v. Sheriff of White Cnty.*, 2021 WL 651351, at *3 (N.D. Ind. Feb. 19, 2021) (appointing, *inter alia*, undersigned counsel to represent a class certified pursuant to Rule 23(b)(2) in a civil rights action); *Indiana Civil Liberties Union Found. v. Superintendent*, 336 F.R.D. 165, 177 (S.D. Ind. 2020) (same); *Gutierrez v. City of East Chicago*, 2016 WL 5816804, at *1 (N.D. Ind. Oct. 5, 2016) (same); *Olson v. Brown*, 284 F.R.D. 398, 413 (N.D. Ind. 2012) (same); *A.M.T. v. Gargano*, 2010 WL 4860119, at *7 (S.D. Ind. Nov. 22, 2010) (same). And counsel can certainly represent that the cases available on Westlaw represent only a small sampling of the cases in which he has served as class counsel.

rights areas seek primarily declaratory and injunctive relief on behalf of the class and therefore readily satisfy Rule 23(b)(2) class action criteria." *Tyson v. Grant Cnty. Sheriff*, No. 1:07-cv-0010, 2007 WL 1395563, *5 (N.D. Ind. May 9, 2007) (quoting A. Conte & H. Newberg, 8 Newberg on Class Actions, § 25.20 (4th ed. 2002)). Consequently, "[t]he requirements of the rule are . . . given a liberal construction in civil rights suits." *John Does 1-100 v. Boyd*, 613 F. Supp. 1514, 1528 (D. Minn. 1985) (citing *Coley v. Clinton,* 635 F.2d 1364, 1379 (8th Cir. 1980)).

In this case, the challenged provisions of the Ordinance have detrimentally affected and will continue to detrimentally affect the named plaintiff as well as the members of the putative class. The plaintiff seeks to enjoin these provisions to the extent that they authorize the warrantless entry of Town officials. The Town has therefore acted or refused to act on grounds generally applicable to the class. The requirements of Rule 23(b)(2) are met.

## CONCLUSION

This case is quintessentially appropriate for class-action treatment. The plaintiff's request for class certification should be granted and the class should be certified pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure, with the plaintiff to serve as class representative and undersigned counsel to be appointed as class counsel.

Gavin M. Rose
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
grose@aclu-in.org

*Attorney for the plaintiff and the putative class*

## **CERTIFICATE OF SERVICE**

      I certify that on the 13th day of March, 2023, a copy of the foregoing was mailed by first class U.S. mail, postage pre-paid, to the following parties:

Town of Clarksville, Indiana
c/o Town Council
2000 Broadway Street
Clarksville, Indiana  47129

                          Gavin M. Rose
                          Attorney at Law